UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                                                :

WILIAN ENCALADA, Individually and on    :
behalf of all others similarly situated,           :
                                                                :    **MEMORANDUM**
                              Plaintiff,      :    **DECISION AND ORDER**
                                                                 :
         -against-                            :    14 Civ. 3113 (BMC)

BAYBRIDGE ENTERPRISES LTD.,

                                   Defendant.
------------------------------------------------------------ X

**COGAN**, District Judge.

      Having settled his Fair Labor Standards Act claim for $900 compensatory and $900 liquidated damages, plaintiff seeks an attorneys' fee award of $12,000 plus $460 costs. His attorney computes the fee at $600 per hour for 20 hours. Defendant objects on the grounds that (1) $600 is too high a rate, especially for such a simple case; (2) plaintiff's counsel unreasonably obstructed settlement discussions both of the claim and the attorneys' fee, which caused his time to be increased; (3) the time spent for certain activities is unreasonable.

      Courts within the Second Circuit generally employ the "presumptively reasonable fee" method when analyzing attorneys' fees motions. See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany & Albany County Bd. of Elections, 522 F.3d 182, 190 (2d Cir. 2008). Under this method, courts multiply the "amount of time reasonably spent by counsel" by a reasonable hourly rate to derive a presumptively reasonable overall fee. Cover v. Potter, No. 05–7039, 2008 WL 4093043, at *5 (S.D.N.Y. Aug. 29, 2008). A court must then determine whether this presumptively reasonable fee is subject to an upward or downward departure. Id. at *6.

I approach the issue here with certain assumptions. First, the reasonable rate should reflect the rates awarded in FLSA cases in this district, not cases involving other fee-shifting statutes. My experience is that the bar for different types of cases is almost entirely distinct, and while there is some overlap between the skillsets required under various fee-shifting statutes, the market conditions – the number of lawyers willing and able to undertake specific kinds of cases – between statutes can be very different. See Fawzy v. Gendy, No. 12 cv 5580, 2013 WL 5537128 (E.D.N.Y. Oct. 6, 2013).

Second, and consistent with this, cases permitting particular rates in the settlement context are not very useful in determining the reasonable rate in cases like this where it is contested. When the plaintiff, his lawyer, and the defendant are all happy with a settlement that includes attorneys' fees, the degree of judicial scrutiny naturally declines; if the Court conducts a fairness hearing (which, unlike most courts, I do not require, see Picerni v. Bilingual Seit & Preschool Inc., 925 F. Supp. 2d 368 (E.D.N.Y. 2013)), the Court's primary function is to make sure that some of the plaintiff's recovery has not been unreasonably diverted to pay his attorney a greater fee than that to which he is entitled. In the instant motion, for example, plaintiff's attorney notes that I and other judges have previously allowed him an hourly rate of $600 in the settlement context. But I have also rejected that rate in the context of a litigated fee application.

Third, although the amount of the plaintiff's recovery is not a quantitative benchmark for determining the reasonableness of an attorney's fee application, lest plaintiffs' lawyers be disincentivized from pursuing small wage claims, it is important to recognize that the number of

FLSA cases filed in this district has been increasing dramatically over the past several years.[1] Indeed, there is no other category of civil case filings that has increased at a rate anywhere near that for cases brought under the FLSA. This compels the conclusion that there is neither a shortage of lawyers willing and able to bring these cases, nor a shortage of target employers, primarily small businesses, against which they may be brought. Courts should recognize that this robust "buyers' market" for plaintiffs looking for FLSA lawyers will have a depressive effect on the reasonable hourly rate.[2]

Conversely, because of this and because of the limited movement of rates across the legal profession since 2008, it rings hollow to suggest, as plaintiff's attorney does in this case and as is often suggested in fee applications, that rates awarded in cases since 2007 should naturally be increased over time. Plaintiff's attorney has submitted two newspaper articles from 2012 which note that hourly rates continued to rise during the recession (at least up to that point), but it is equally well known that with the rise in rates came their unprecedented discounting and bill-cutting, which makes those increases largely illusory. See J. Smith,"On Sale: the $1150-Per

---

[1] The following table lists the FLSA cases by calendar year filed in this district:

| Year | Count |
|------|-------|
| 2008 | 249 |
| 2009 | 306 |
| 2010 | 414 |
| 2011 | 521 |
| 2012 | 580 |
| 2013 | 718 |
| 2014* | 429 |

*to date

[2] Plaintiff's attorney claims that his rate should be higher than other attorneys because "he uses a riskier form of contingency than most lawyers who use contingency fee agreements, and hence, a higher rate is even more justified. Based on anecdotal evidence, most contingency lawyers require one or more of the following 1) a consultation fee; 2) a non-refundable retainer fee; and 3) case costs advance." I cannot accept this anecdotal evidence. It is contrary to my experience in these cases, in which plaintiffs can rarely afford these kinds of up-front costs.

3

Hour Lawyer," Wall Street Journal (April 9, 2013)[3] ("think of hourly fees 'as the equivalent of a sticker on the car at a dealership…'").

Fourth, the reasonable hourly rate should reflect the complexity of the particular case. There are some, relatively few, FLSA cases that raise complex issues like exemptions, coverage, collective action notification, classification, or statutory interpretation. See e.g. Morangelli v. Chemed Corp., 922 F. Supp. 2d 278 (E.D.N.Y. 2013). Some of these raise equally complex issues of state labor law coverage and distinct remedies, and class certification of those claims. However, the majority of cases, like this case, could hardly be simpler – an employee contends that he worked more hours than he was paid, entitling him to either unpaid minimum wages or overtime or both, and the employer lacks records to conclusively refute the claim. That kind of case reflects a claim that is usually *de minimis* and can quickly be negotiated to a settlement by any able lawyer unless the employer is unreasonable.

Finally, many defendant employers, like the one here, argue that plaintiff's rate or time expended should be reduced because the plaintiff unreasonably refused to settle early, effectively churning the case to enhance his legal fee. The argument is not irrelevant but often has limited persuasive value. For one thing, it is difficult for a court tell which side, if either, is at fault for not settling earlier, as neither admits to unreasonableness. More fundamentally, there is a commercial reality in cases like this seeking a minimal recovery – the employer often has the incentive to just make a Rule 68 offer for the full amount claimed, or to default on liability, even if the case has meritorious defenses. This is because the amount of the claim – here, $1800 – is going to be greatly exceeded by the employer's own defense costs, even if the employer prevails, and thus it is more economical to simply consent to the entry of judgment for the full amount.

---

[3] Reported at http://online.wsj.com/news/articles/SB10001424127887323820304578412692262899554

4

And if an employer does that, and a plaintiff still continues to resist, it is hard to imagine allowing much for attorneys' fees after the employer has thrown in the towel. Of course, I recognize that this approach encourages the bringing of marginal claims (although Rule 11 gives some protection against frivolous claims), but that is a problem for Congress; a defendant employer still must be expected to pursue its best economic interest, and it knows that if it chooses to resist, both its own defense costs and the plaintiff's attorney's fee for which it may be held responsible are going to increase, and will likely exceed the amount of the plaintiff's claim exponentially, as is the case here.[4]

Based on these factors, the conclusions I reach on the instant application are as follows. First, I cannot allow recovery of anything near the rate of $600 per hour that plaintiff's attorney is seeking, nor even the alternative request of $500 per hour which, recognizing the unlikelihood of my awarding $600, plaintiff's attorney proposes. I recently had occasion to survey attorneys' fees decisions in this district's contested FLSA fee applications in Fawzy, and found that the highest litigated reasonable rate in a simple FLSA case is $350. That also involved an experienced plaintiff's FLSA attorney. Indeed, Fawzy involved a set of skills not needed in the instant case, as the case went to trial and judgment.

In contrast, the problem I have with plaintiff's claimed rate in the instant case is that his very substantial FLSA experience was not only not necessary, but to some extent, not even used. For example, the single largest block of time that plaintiff's attorney spent was six hours and thirty-four minutes reviewing defendant's five-page answer to the complaint. This was principally because he researched the 17 affirmative defenses "with an eye towards making a

---

[4] This last consideration, however, does not apply to the time expended to prepare the contested fee application of the plaintiff's attorney. Because the amount of the claimed fee is not bound by the plaintiff's recovery, a defendant has every incentive to insist on reasonableness in the preparation of the fee application.

5

motion to dismiss" before concluding that few if any were applicable. Yet an attorney with plaintiff's experience might have recognized that the answer is frequently the most useless document in a litigation file, and in FLSA cases particularly, the defendant often pulls boilerplate language out of a formbook so that every affirmative defense is included. After all, plaintiff was an hourly-rate construction worker. He didn't need his experienced lawyer to research whether he was "exempt" under the FLSA. And there is no reason to consider moving to dismiss defenses that plaintiff's attorney should know will be shown to have no merit after discovery. Accordingly, I cannot accept plaintiff's argument that "this view tends to miss the critical point that the case may quickly settle for full value and appear to be easy precisely because of the skill, experience and reputation of the plaintiff's counsel." I see no evidence of that in this case.

I therefore cannot see this case as commanding more than a $350 per hour rate, which is at or near the highest litigated rate for any case in this district (not including rates agreed to in settlements, for the reason previously stated). I hasten to add that in a proper case, I would have no hesitation in awarding this plaintiff's attorney $400 an hour or more. I believe he probably has the knowledge and experience to warrant a higher rate when he is called upon to use that knowledge and experience. But this case could have been done by any competent lawyer with minimal FLSA experience. Such a lawyer would receive substantially less, in my view, than $350 an hour, and that rate is deemed reasonable for this plaintiff's lawyer principally because of his experience in these cases.

I have no difficulty overruling defendant's objection to the 20 hours for which plaintiff's attorney is seeking recovery. I will note plaintiff's attorney's peculiar willingness to discount his time – plaintiff's attorney actually put in 37.10 hours, but his application notes he is only seeking 20 hours' compensation. He does not say why he is discounting his time, and although 37.10

6

may have been too high (principally for the time spent reviewing the answer, as noted above), I might have allowed more than 20 hours if requested. The reasonableness of the 20 hours is confirmed by defendant's objection, which only challenges 14 hours and 25 minutes of the 37.10 hours, still leaving plaintiff with a recovery in excess of 20 hours.

Plaintiff's motion [13] is therefore granted to the extent that he is awarded attorneys' fees of $7000 plus $460 in costs for a total of $7460. The Clerk is directed to enter an Amended Judgment consistent with this decision.

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
September 2, 2014